496 F.Supp. 177 (1980)
Kerry BROWN, Petitioner,
v.
Donald WYRICK, Warden, Respondent.
No. 80-152-C(3).
United States District Court, E. D. Missouri, E. D.
August 21, 1980.
*178 Kerry Brown, pro se.
John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

MEMORANDUM AND ORDER
FILIPPINE, District Judge.
This matter is before the Court on the petition of Kerry Brown for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Magistrate has filed his Review and Recommendation, which the Court has considered together with petitioner's objections thereto. The Court finds that the petition should be dismissed without further proceedings, for the reasons stated below.
Petitioner was convicted in 1967 of assault with intent to kill with malice aforethought. In 1972, petitioner filed a habeas corpus action in this Court, which was denied in a lengthy opinion by Judge Webster, reported at 356 F.Supp. 831 (E.D.Mo.1973). One of the six grounds for relief asserted by petitioner and rejected by the Court in that action was ineffective assistance of counsel.
The current petition contains various grounds for relief which arose at the time of petitioner's trial. One of these grounds is ineffective assistance of counsel, in part resting on the same particulars as were rejected by Judge Webster in the petitioner's first habeas corpus action. The petitioner does not state any reason why the grounds now raised for the first time were not known to him in 1967. In responding to the Magistrate's suggestion that such piecemeal litigation constituted an abuse of the writ, the petitioner merely stated that he "has tried unsuccessfully to call attention to his unconstitutional incarceration in every forum that has been made available to him." Petitioner's Response in Opposition to the United States Magistrate's Review and Recommendation at 3. The Court can discern no reason whatsoever that all the grounds for relief, except those two grounds which will be discussed below, which are now raised for the first time, were not presented in petitioner's first federal habeas corpus petition. Accordingly, as to those grounds, as well as to those grounds determined adversely to petitioner in his first federal habeas petition, the petition will be dismissed as a successive petition which constitutes an abuse of the writ, pursuant to Rule 9(b) of the Rules Governing § 2254 Cases.
The Court observes that one ground raised by petitioner in the instant petition was denied without prejudice by Judge Webster for failure to exhaust state remedies. This issue arose from the fact that the trial court gave the jury, after five hours of deliberation, a verdict form which stated that the jury found the defendant guilty but that the jury was unable to assess punishment. The petitioner claims that he was denied effective assistance of counsel in that his counsel failed to object to the submission of this form.
*179 The petitioner raised this point in his most recent 27.26 motion filed in the Circuit Court. That Court decided the issue against the petitioner, Respondent's Exhibit E at 4, 14, both on the merits and on the ground that the issue should have been raised in petitioner's first Rule 27.26 motion.
This Court agrees with the Circuit Court on the merits of the claim. The instruction which was read to the jury at the time the disputed verdict form was given to them emphasized that the petitioner's guilt or innocence was for the jury to decide. (The jury had asked whether the petitioner was "subject to parole in one-third of his time.") The Court no more implied that it thought the petitioner was guilty by giving the verdict form than it did by reading the instruction. The Missouri Supreme Court, in petitioner's appeal, decided that the instruction was proper and could henceforth be given along with the other instructions. State v. Brown, 443 S.W.2d 805, 809-11 (Mo.1969). This Court fails to see how the petitioner was denied effective assistance of counsel through counsel's lack of an objection to the accompanying verdict form.
Finally, petitioner has claimed that there has been "an unaccountable, and unreasonable lengthy delay" in a determination of his most recent Rule 27.26 motion. It is not clear whether petitioner advanced this claim to forestall the objection that he has failed to exhaust state remedies, or whether he advanced it as an independent ground of relief. In either case, the issue is now moot as the Circuit Court entered its findings of fact, conclusions of law, order and decree on petitioner's Rule 27.26 motion, after the filing of the instant petition. See Respondent's Exhibit E.
For the foregoing reasons, the Court concludes that the petitioner is entitled to no relief and
IT IS HEREBY ORDERED that the petition of Kerry Brown for a writ of habeas corpus be and is DENIED and DISMISSED with prejudice.